NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS DOTSON, individually and on behalf of those similarly situated,<br><br>    *Plaintiff*,<br><br>  v.<br><br>MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; and JOHN DOES 1 to 10,<br><br>    *Defendants*. | Civil No.: 18-16253 (KSH) (JAD)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

This matter comes before the Court on the motion (D.E. 12) of defendants Midland Funding, LLC and Midland Credit Management, Inc. to compel arbitration of this matter on an individual basis and to dismiss the action in favor of arbitration, along with the report and recommendation (D.E. 24) of Magistrate Judge Joseph A. Dickson recommending that the motion to compel arbitration be granted. For the reasons set forth below, the Court adopts the report and recommendation and will grant defendants' motion.

## II. Background

In this putative class action, plaintiff Luis Dotson alleges that defendants violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending him collection letters that stated a "Current Balance" due. Dotson claims that this terminology is deceptive because it implies that the balance would increase, even though defendants knew it never would.

According to the complaint, Dotson incurred a consumer debt on a Comenity Capital Bank credit card account. (D.E. 1, Compl. ¶¶ 22-23, 31.) The account went into default, and the

1

debt was "assigned, placed, transferred or sold" to defendants for collection. (*Id.* ¶¶ 24-25.) Defendants sent Dotson letters attempting to collect the debt on November 17, 2017, and February 7, 2018.  (*Id.* ¶ 28 & Ex. A.)  Each letter stated a "Current Balance."  (*Id.* ¶ 29 & Ex. A.)  Dotson alleges that he believed that "under the terms and conditions applicable to his use of the Account, interest, late charges, and other charges and fees . . . could accrue," and that the least sophisticated consumer would similarly presume that such an account would accrue interest and other fees if not paid in full each month.  (*Id.* ¶¶ 30-31.)  But, he contends, the balance could not increase and defendants "never intended to add, would not add, and did not add any lawful interest, late charges, or other fees and charges to increase the balance stated" in the letters.  (*Id.* ¶ 32.)  He asserts this makes the use of the term "Current Balance" deceptive. (*See id.* ¶ 33.)

On November 16, 2018, Dotson filed a one-count complaint alleging violations of the FDCPA on behalf of himself and a putative class of individuals with a New Jersey address "to whom a letter from Midland Credit Management, Inc. was mailed . . . on or after November 16, 2017, in an attempt to collect a Comenity Capital Bank debt which stated the amount of debt to be the 'Current Balance.'"  (*Id.* ¶ 38.)

Defendants then moved to compel arbitration on an individual basis and to dismiss Dotson's complaint in favor of arbitration.  (D.E. 12-1, Moving Br.; *see also* D.E. 16, Reply Br.) They argue that the credit card agreement between Dotson and the original creditor, Comenity, contains an arbitration agreement requiring arbitration of his claim and resolution of claims on an individual, rather than class-wide, basis.  Defendants contend that they are entitled to enforce these provisions because Midland Funding purchased Dotson's account from the original creditor and acquired the creditor's rights, title, and interest in the account, and Midland Credit Management serviced and managed the account on behalf of Midland Funding.  In opposition,

Dotson argues that discovery is required before arbitration can be compelled because it is not apparent from the face of the complaint that a valid agreement to arbitrate exists or that defendants acquired any right to enforce the agreement containing the arbitration provision. (D.E. 15, Opp. Br.)

On August 1, 2019, Magistrate Judge Dickson issued his report and recommendation, which recommends that the Court grant the motion to compel arbitration on an individual basis. (D.E. 24.) Dotson has filed objections to the report and recommendation.

### III. Standard of Review

In reviewing a magistrate judge's report and recommendation on dispositive matters, the district court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2). The district court "need not normally conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2).

### IV. Analysis

Before a court orders arbitration pursuant to a contract to arbitrate, it must be "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Arbitration may be compelled where (1) there is an agreement to arbitrate, and (2) the dispute is within the scope of that agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009).

Dotson's primary objection to the report and recommendation is that it evaluated defendants' motion to compel arbitration using a Rule 12(b)(6) standard. He contends that discovery, specifically the purchase agreement between Comenity and Midland Funding, is necessary before the Court can determine that these defendants are entitled to enforce the arbitration provision in his credit card agreement.

As Magistrate Judge Dickson properly recognized, the court evaluates whether an agreement to arbitrate exists using the Rule 12(b)(6) motion to dismiss standard when it is apparent from the face of the complaint and documents relied upon in it that the claims are subject to an enforceable arbitration provision. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013). If "the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," the appropriate course is discovery on arbitrability followed by a motion to compel arbitration reviewed using the Rule 56 summary judgment standard. *Id.*

Here, the Rule 12(b)(6) standard is appropriate. The complaint and the documents it relies on and attaches demonstrate clearly the existence of an agreement to arbitrate. *Accord George v. Midland Funding, LLC*, 2019 U.S. Dist. LEXIS 106255, at *8-9 (D.N.J. June 25, 2019) (Martini, J.) (applying R. 12(b)(6) standard where plaintiff's "allegations and theory of liability turn on the 'terns and conditions' of the [a]greement and her understanding of [them]"). The complaint expressly relies on the account agreement (Compl. ¶ 30), which contains an arbitration clause that, as Magistrate Judge Dickson properly concluded (and which Dotson does not appear to dispute), encompasses the claims in this lawsuit and requires that arbitration be done on an individual, rather

4

than class-wide, basis.  (*See* D.E. 12-9 to DE 12-10, Dent Aff. Ex. A at I.C.)  By using the account, Dotson accepted the terms; he disputes neither that fact, nor that he used the account.

The agreement permits Comenity to transfer or assign the account and the agreement and any rights under them.  (*Id.*, Ex. A at E.)  The complaint itself acknowledges the transfer of the account, alleging that after default, the account creditor "assigned, placed, transferred or sold the Debt to Defendants for collection," and that "the Account was past-due and in default when it was placed with or assigned to Defendants for collection."  (Compl. ¶¶ 25-26.)[1]  Moreover, the two collection letters Dotson attached to his complaint – the letters that contain the "current balance" terminology that is the foundation of his FDCPA claim – state that the account was transferred.  The first letter lists Comenity as the original creditor, Midland Funding as the current owner, and Midland Credit as the current servicer.  (Compl. Ex. A.)  The letter states that on October 31, 2017, Dotson's account "was sold to Midland Funding, LLC, which is now the sole owner of this debt," and that Midland Credit would be "collecting on, and servicing your account, on behalf of Midland Funding LLC."  (*Id.*)  The second letter also lists Midland Funding as the "current owner," and Midland Credit as the company servicing the account.  (*Id.*)  Taken together, the foregoing allegations and documents demonstrate an agreement to arbitrate that encompasses this suit.

Dotson objects that the agreement to arbitrate is not evident on the face of the complaint, but he ignores that that complaint specifically relies on the "terms and conditions" of his account agreement.  Those terms and conditions, which Dotson cites for the interest and fees they permit to be imposed, also contain the arbitration provision. Dotson cannot avoid consideration of the

---

[1] The complaint defines "Debt" and "Account" interchangeably, alleging as follows: "Defendants have asserted that Dotson incurred or owed certain financial obligations arising from an account which debt arose from one or more transactions which were primarily for [his] personal, family, or household purposes ('Debt' or 'Account')."  (Compl. ¶ 22.)

arbitration provision by withholding the agreement from the record; even under a Rule 12(b)(6) standard, the Court may fairly consider the whole agreement. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).

Relatedly, Dotson contends that discovery is required because the purchase agreement between Comenity and Midland Funding has not been provided.  He speculates that it may limit the rights assigned to Midland Funding, and, specifically, the right to compel arbitration under the account agreement.  But measured against the sworn statements of Comenity's and Midland Funding's employees, Dotson's speculation, which amounts to a contention that something in the purchase agreement may directly contradict the documents that have been provided, does not amount to a "respon[se] to [the] motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *Cf. Guidotti*, 716 F.3d at 776.  The cases Dotson cites (D.E. 25 at 6-7), all of which involved a different creditor, do not compel a contrary conclusion. In *Garcia*, for example, the purchase agreement transferred the seller's interest in "receivables," not the accounts or account agreements. *Garcia v. Midland Funding, LLC*, 2017 U.S. Dist. LEXIS 68870 (D.N.J. May 5, 2017) (Kugler, J.).  Similarly, in *Kennedy*, the only support for the contention that the right to arbitrate had been assigned to the defendant was a "single assertion in a declaration" that "[u]pon information and belief, the Debt was eventually assigned to Allied . . . for collection purposes." *Kennedy v. LVNV Funding LLC*, 2019 U.S. Dist. LEXIS 69119, at *7 (D.N.J. Apr. 24, 2019) (Vazquez, J.) (alterations in original).

Here, Comenity has sworn that it "sold and assigned *all rights, title, and interest* in the Account" – defined as a "GameStop PowerUp Rewards credit card account issued by Comenity Capital Bank with an account number ending in '2055'" – to Midland Funding in October 2017, and that the "Account was one of the accounts sold by Comenity Capital to Midland Funding,

LLC" pursuant to an appended bill of sale and related documents. (D.E. 12-9, Dent Aff. ¶¶ 9, 17 & Ex. E (emphasis added).) The bill of sale provides that Comenity assigned "*all rights, title, and interest*" in the "Charged-off Accounts described in . . . Exhibit 1." (*Id.* Ex. E (emphasis added).)[2] Together with the sworn statement in the affidavit, this language expresses that *all* rights Comenity had in Dotson's specific account had been assigned to Midland Funding. *Cf. Lance v. Midland Credit Mgmt.*, 375 F. Supp. 3d 604, 615 (E.D. Pa. 2019) (initially denying motion to compel arbitration because record unclear on rights transferred; faulting creditor and Midland Funding for not "clearly stat[ing]" what rights were transferred in "straightforward language"). This conclusion is buttressed by the Mulcahy affidavit submitted on behalf of defendants. The affidavit (which also attaches the bill of sale) includes a sworn statement that Midland Funding purchased Dotson's account from Comenity and attaches a printout described as "the information in the media file identifying [Dotson's] Account as one of the purchased debts within the portfolio received from Comenity." (D.E. 12-4, Mulcahy Aff. ¶¶ 5, 7 & Ex. 2.) The record documents properly considered pursuant to the Rule 12(b)(6) standard demonstrate that the bundle of rights Comenity assigned to Midland Funding included its right to elect arbitration. Discovery is not necessary to determine that arbitration is appropriate here.

Moreover, Midland Credit may also claim the benefit of that right based on the wording of the arbitration provision, which defines "we," "us," and "our" to include Comenity affiliates and "any other person or company that provides any services in connection with [the account agreement] if [Dotson] assert[s] a Claim against such other person or company at the same time you assert a Claim against any Bank Party." (Dent Aff. Ex. A at I.C.2). As Judge Hillman

---

[2] Although the latter term is not defined in the bill of sale, the affidavit makes clear that Dotson's account was included.

recognized under materially identical circumstances in *Clemons v. Midland Credit Management, Inc.*, 2019 U.S. Dist. LEXIS 123840, at *8 (D.N.J. July 25, 2019), Midland Funding substituted for Comenity in that section, making Midland Credit a "Part[y] Subject to Arbitration" within the meaning of the arbitration provision. Having considered Dotson's primary objection, the Court concludes Magistrate Judge Dickson properly applied the Rule 12(b)(6) standard.

Dotson's other objections are no more persuasive. He attempts to cast doubt on the existence of the arbitration agreement by arguing that the credit card agreement defendants submitted with their motion is an "inappropriate exemplar" lacking "personal identifiers associated with" him. Distinguished from the cases Dotson cites (D.E. 25 at 14), a Comenity employee has certified that the agreement submitted in support of defendants' motion is the actual agreement sent to Dotson, not an exemplar, and supplied the details of its mailing, including the address to which it was sent, approximate mailing date, and that it was not returned as undeliverable. (Dent Aff. ¶ 10.) Finally, Dotson asserts that the report and recommendation violated the parol evidence rule by citing the collection letters attached to the complaint in determining arbitrability. Again, Dotson opened the door to consideration of the letters by attaching them to the complaint and by extensively discussing the assignment and defendants' roles in the complaint. Even absent consideration of the letters, however, arbitrability is clear on the record properly before the Court.

## V. **Conclusion**

For the reasons set forth above, the Court adopts the report and recommendation, and defendants' motion to compel arbitration on an individual basis is granted. An appropriate order will issue.

Date: January 21, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.